**Thomas E. Beck SBN 81557**
THE BECK LAW FIRM
P.O. BOX 101
Los Alamitos, CA 90720

Tel: 562 795-5835

Email: thebecklawfirm@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EMMETT BROCK,

        Plaintiff,

        vs.

COUNTY OF LOS ANGELES,
DEPUTY JOSEPH BENZA III, #616179,
CAPTAIN CHRISTOPHER L.
JOHNSON, #436139, SGT. THOMAS
SPINKS #480744, SGT. RAYMOND
MUNOZ #437471, SGT. JEREMIAH
FLETCHER #522760, COMMANDER
ALLEN CASTELLANO #431968,
DOES 1-10,

        Defendants.

     No.

     **COMPLAINT FOR DAMAGES**

1. Violation of Civil Rights
   (42 U.S.C. §1983)
2. *Monell* Claim
   (42 U.S.C. §1983)
3. Failure to Supervise
   (42 U.S.C. § 1983)
4. Assault and Battery
5. False Imprisonment/Arrest
6. Intentional Infliction of
   Emotional Distress
7. Banes Civil Rights Claim
8. Negligence

     **DEMAND FOR JURY TRIAL**

## JURISDICTION

1.    Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.     At all times herein mentioned, Plaintiff EMMETT BROCK, a transgender male, age 23, schoolteacher and grauduate student, was a resident of the County of Orange, City of Fullerton.

3.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants DEPUTY JOSEPH BENZA III, #616179, CAPTAIN CHRISTOPHER L. JOHNSON, #436139, SGT. THOMAS SPINKS #480744, SGT. RAYMOND MUNOZ #437471, SGT. JEREMIAH FLETCHER #522760, COMMANDER ALLEN CASTELLANO #431968, DOES 1-10, and each of them, were employees of the County of Los Angeles and the Los Angeles County Sheriffs Department. At the operative times and events, Defendant BENZA was assigned to patrol at Norwalk station, Defendant Cpt. JOHNSON was the Unit Commander of Norwalk station and BENZA's Captain, defendant Sgt. MUNOZ was the Norwalk Watch Commander, defendant Sgt. FLETCHER was a Use of Force Investigation Supervisor, Sgt. SPINKS conducted Benza/Brock's Use of Force investigation, Cmdr. CASTELLANO was Area Commander for South Patrol Division and at the head of the chain of command to Cpt Johnson, Sgt. Munoz, Sgt. Fletcher, Sgt. Spinks and DOES 1-10, each a jailer or custodial employee at Norwalk Station.

4.     Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of Los Angeles County Sheriffs Department, (LASD) and particularly said Department's Field Services, Patrol, Internal Investigations and Training and Personnel Divisions and other operations and

2

1    subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices,
2    customs and usages related to internal investigations, personnel supervision and
3    records maintenance, the use and deployment of dangerous weapons, the use of
4    force, and powers of arrest by its rank and file.

5

6        5.    Plaintiff is informed and believe and thereon alleges that each of the
7    Defendants designated as a DOE is intentionally and negligently responsible in some
8    manner for the events and happenings herein referred to, and thereby proximately
9    caused injuries and damages as herein alleged.  The true names and capacities of
10   DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff
11   who therefore sues said Defendants by such fictitious names and will be added to
12   this action as provided by California Code of Civil Procedure Section 484 and
13   Federal Rule of Civil Procedure 15.

14

15       6.    Defendants, and each of them, did the acts and omissions hereinafter
16   alleged, wilfully, intentionally, in bad faith and with knowledge that their conduct
17   violated well established and settled constitutional precedents and statutory law
18   together with pertinent sections of the LASD Manual Of Policy and Procedure.

19

20       7.    The incidents complained of began shortly after  noon hour  February
21   10, 2023  in the City of Whittier, Los Angeles County.  BROCK, an state licensed
22   English teacher employed by the Whittier Unified School District assigned to
23   Fremont High School. Plaintiff was also a graduate student at Cal State Fullerton,
24   in the City of Fullerton, CA.  Plaintiff left Fremont High to make an appointment
25   later that afternoon. He turned his motor vehicle onto Mystic Street, traveling
26   eastbound. As Brock neared the intersection of Rutland St., he observed defendant
27   Deputy BENZA outside the driver's door of a westbound facing vehicle that
28   appeared to be a traffic stop. As plaintiff approached, he noticed Deputy BENZA

1   berating the female driver of color behind the wheel of the stopped vehicle. The
2   female's facial features informed Plaintiff she was frightened of Deputy BENZA.
3   BENZA's body language also communicated to Plaintiff he was the cause of the
4   female's obvious distress. As Plaintiff neared to pass by the stopped female motorist,
5   BENZA made eye contact with Plaintiff to which Plaintiff responded with a "middle
6   finger salute" meaning to communicate Plaintiff's disapproval of BENZA's
7   offensive behavior toward the female driver.  BROCK continued eastbound mindful
8   of his speed in the residential neighborhood. Within seconds, Plaintiff noted BENZA
9   had abandoned the female, made a U turn and raced toward Plaintiff from behind,
10  caught up and began tailgating Plaintiff. Unsure whether he was actually being
11  followed, BROCK made multiple turns to see if BENZA would follow. At each turn,
12  BENZA stayed closed behind but did not activate any forward facing emergency
13  equipment, siren or voice command for Plaintiff to pull over.  This behavior
14  prompted BROCK to phone 911 to ask whether what he was experiencing was a
15  traffic stop to which he should pull over. The 911 operator informed BROCK that
16  unless the patrol vehicle signaled a traffic stop, he was free to go about his business
17  and could make a complaint to BENZA's watch commander for tailgating him.
18  Plaintiff carried on entering the parking lot of a 7-11 store at 10011 Mills Road to
19  purchase a beverage. He  brought his car to rest at the glass front doors. As BROCK
20  exited, keys and cell phone in hand, he noted BENZA's patrol car had stopped
21  behind his and deputy BENZA moved swiftly toward Plaintiff. BENZA suddenly
22  grabbed Plaintiff stating" I stopped you" to which Mr. BROCK replied, reflecting
23  on the 911 operator's admonition moments earlier, "no you didn't" and repeatedly
24  told Deputy BENZA to get his hands off of him. In an instant, BENZA overwhelmed
25  young BROCK, and without uttering another word, violently took BROCK to the
26  pavement, causing BROCK's head to strike the cement. Stunned and fearing for his
27  life, BROCK shouted at BENZA to stop. Instead, BENZA rained at least 10 closed
28  fist punches at BROCK's head and face while BENZA used his greater body weight

1   to pin the plaintiff to the ground as he continued to angrily pummel BROCK with
2   both fists, scraping his knuckles in the process. BROCK struggled as best he could
3   to avoid being hurt by BENZA to no avail. BROCK's repeated cries for help to
4   anyone within hearing range went unheeded. BENZA had activated his Body Worn
5   Camera (BWC) inside his patrol vehicle as he entered the 7-11 parking lot himself.
6   It was operating when he grabbed the plaintiff's arm within seconds of leaving his
7   patrol car on foot. The audio record was captured by the BWC, but because it fell
8   from BENZA's chest during the violent takedown of Mr. BROCK, it did not provide
9   video images of the assault. However, BENZA's felonious assault was captured in
10  its entirety by the 7-11 store's outdoors surveillance video recording system. The
11  proprietor of the 7-11 store, Matthew Khokar , witnessed Benza's violent
12  misconduct and fearing for Plaintiff's safety, telephoned 911 to "call the cops" on
13  Benza. At the same time, BENZA notified others he was allegedly in a "fight"
14  causing multiple additional LASD deputies and supervisors to respond to the 7-11
15  parking lot. BENZA had handcuffed BROCK while on the ground, raised him and
16  put him into the rear seat of BENZA' patrol car against his will, refusing to answer
17  BROCK's inquiry as to why he was being arrested, a violation by BENZA of CA
18  Penal Code § 841. Upon arrival of back up deputies and supervisors, BENZA
19  demonstrated his abraided knuckles to them, falsley blaming Plaintiff for the injuries
20  BENZA caused to himself, attempting to justify his brutality. At the same time,
21  BENZA made no claim to having been bitten on the hands by BROCK. Paramedics
22  on scene were consulted by BENZA to whom he explained his hand injury was
23  caused by taking Plaintiff to the ground, making no mention of allegedly being bitten
24  by BROCK. Defendant Sgt. Jeramiah Fletcher arrived on scene and contacted
25  Plaintiff seated as a prisoner in Benza's patrol car, frightened, trembling, injured and
26  bleeding. Fletcher recorded plaintiff's statement describing what Benza had done to
27  him in retaliation for his middle finger salute minutes earlier. Instead of immediately
28  acknowledging BENZA had committed a felony crime of assault against BROCK,

1   as well as violating LASD Manual of Policy and Procedures (MPP) prohibitions set
2   forth in section 3-10/035.00, Sgt. Fletcher breached his duty to initiate an internal
3   administrative investigation based on Plaintiff's report to him of the crime by
4   BENZA. Instead, Sgt. Fletcher intentionally and purposefully ignored plaintiff's
5   complaints and took no action, willfully failing to identify Mr. Khokar as a known
6   witness and to capture Khokar's account of the crime he witnessed against BROCK.
7   Instead, Sgt. FLETCHER, together with Defendants Sgt. SPINKS and Sgt MUNOZ,
8   who shortly thereafter also received Plaintiff's report of being criminally assaulted,
9   kidnaped and falsely arrested by Deputy BENZA for "flipping him off," joined
10  together with defendant BENZA, FLETCHER and others yet to be identified, to
11  contrive a false, fraudulent defense and plausible explanation for the videotaped
12  violence so as to shield BENZA and cover up what they knew to be crimes against
13  Plaintiff by their subordinate Benza. BENZA's crimes were known to be fully
14  supported by review of 7-11 surveillance video and BENZA's BWC footage.
15  Together, BENZA, FLETCHER, SPINKS and MUNOZ reached a meeting of minds
16  to corruptly justify BENZA's indefensible violence, kidnapping and false arrest to
17  corruptly claim that BROCK needed to be punched in the head and face repeatedly
18  to prevent him from allegedly biting BENZA's hands. FLETCHER, SPINKS and
19  MUNOZ were aware that Plaintiffs' report of being viciously assaulted by BENZA
20  was accurate but was disregarded as irrelevant as the aim among these defendants
21  was to protect BENZA from his criminal misconduct at Plaintiff's expense.
22  FLETCHER, SPINKS and MUNOZ knew BENZA to be dishonest, prone to
23  violence and chose to spare BENZA and the Department the ignominious truth one
24  of their own had committed felony crimes on camera in broad daylight. Sgt.
25  SPINKS was charged with conducting the department's Supervisor's Use of Force
26  Investigation which he corruptly tailored to shield BENZA by willfully refusing to
27  contact known percipient witness Matthew Khohar, Fire Captain Michael Reyes and
28  Physician's Assistant Daniel Forney who each would refute BENZA's false claims

1    of being bitten by Plaintiff. Sgt SPINKS intentionally avoided following known and
2    obvious probative leads proving BENZA's biting justification was fabricated. In
3    furtherance of the corrupt cover up, SPINKS, MUNOZ and FLETCHER lauded
4    BENZA's misconduct as being completely justified and within LASD Use of Force
5    Policy when they each knew and understood it was not. SPINKS turned a blind eye
6    to the most clear and inescapable proof BENZA was the unprovoked violent
7    aggressor against Plaintiff, and that BENZA gave purposefully misleading and false
8    statements to FLETCHER, MUNOZ and SPINKS denying he witnessed BROCK's
9    middle finger salute during his traffic stop at Mystic and Rutland. Instead, BENZA
10    falsely claimed he'd happened upon BROCK while on routine patrol on Mulberry
11    Street and decided to justify Brock's detention by claiming BENZA was about to cite
12    Plaintiff for displaying a hanging air freshener on his rear view mirror, none of
13    which was true, and became known by FLETCHER, SPINKS and MUNOZ to be
14    untrue and contrived by BENZA. None of these defendants, when they had the
15    knowledge and means to quickly identify the female motorist BENZA was berating
16    to start this incident, and reported to them by Plaintiff, employed their means,
17    department resources and skills to avoid exposing BENZA for the liar he was. Each
18    of these defendants cooperated with one another to maintain the corrupt meeting of
19    minds to steer away from the evidence that supported BROCK's report of BENZA's
20    unlawful detention, kidnapping, false arrest and fraudulent booking on multiple
21    felony counts including alleged, *inter alia*, mayhem for biting BENZA's hands.

22       Immediately before being examined by paramedics at the scene of the 7-11
23    store, and in their presence, Defendant BENZA opened the vehicle door and angrily
24    sworn at Plaintiff. After being treated and diagnosed at the scene, Plaintiff was
25    transported to Coast Hospital in the City of Norwalk for an "OK to Book" where he
26    was given a superficial examination and sent to Norwalk station for booking.
27    Defendant Sgt. MUNOZ, the Norwalk Watch Commander at the time, together with
28    Defendant SPINKS interviewed Plaintiff for the second time and were told what

1   BENZA had done but chose to ignore this report of violence and dishonest crimes
2   by one of their subordinates under their command. Upon learning of BROCK's
3   complaints against Deputy BENZA, neither Sgt. MUNOZ nor Sgt. SPINKS,
4   followed California law and LASD regulations (3-04/010.25 PERSONNEL
5   COMPLAINTS) policy requiring them to open an administrative investigation via
6   a Watch Commander's Service Comment Report ("WCSCR" or "SCR") into
7   BROCK's allegations against Deputy BENZA. While at Norwalk station, Watch
8   Sgt. MUNOZ had received notification from the scene earlier in the afternoon that
9   BENZA's use of force misconduct had been captured on 7-11 video tape yet chose
10   ignore it. Instead, MUNOZ turned a wilful blind eye to the probative and damning
11   video evidence and joined in the cover up effort by giving BENZA permission to
12   book Plaintiff on felony Mayhem (P.C. §203), felony injury to a peace officer (PC
13   §148.10), felony force and violence against a peace officer (PC §69) and failing to
14   yield. (VC §2800A), all of which caused Plaintiff's bail to be set at an excessive
15   $100,000 prolonging Plaintiff's unconstitutional detention by refusing BROCK's
16   immediate release.

17

18        8.        While being held at the Norwalk jail, DOES 1-5 and Sgt. MUNOZ
19   became aware from California's DOJ (CLETS) that BROCK's fingerprints came
20   back as belonging to an Emily Brock, Plaintiff Brock's birth name and former gender
21   by six years. Seizing on this information and with the intent designed to humiliate
22   and oppress BROCK while in their custody, with the assent of Sgt. MUNOZ, DOES
23   1-3 forced plaintiff to expose his genitalia to them and others, in violation of MPP
24   5-09/560.00, requiring respectful treatment to persons with gender dysphoria, even
25   after being informed that Plaintiff had gone through the medical and surgical
26   processes years earlier to conform his gender to being male, coupled with the fact
27   that BROCK exhibited no outward, objective indicia of being transsexual or female.
28   These actions were deliberately discriminatory and maliciously undertaken to punish

1  and further oppress BROCK for having shown BENZA his middle finger salute and
2  allegedly battering BENZA.

3

4      9.     BROCK was bailed out by his parents at the posting of $100,000 bond
5  and taken to Kaiser Permanente Medical Center in Downey where he finally began
6  receiving competent medical diagnosis and treatment for the injuries inflicted by
7  BENZA.

8

9      10.    Having no success with his complaints against BENZA with Norwalk
10  Station supervisors, watch commander MUNOZ and Unit Commander JOHNSON,
11  BROCK brought his complaints directly to Sheriff Robert Luna on March 9, 2023.
12  Consistent with long standing LASD custom, policy and practice, Luna did not
13  respond, did not direct an investigation, administrative or criminal. Only after
14  BROCK wrote to Luna again on April 9, 2023 reminding him of the original
15  complaint and pointing out nothing had been done to respond to his complaints by
16  anyone, including Sheriff Luna, Plaintiff alleges on information and belief, that
17  Luna, and/or Chief of Staff Jason Skeen, purposefully attempted to bury Plaintiff's
18  complaints. Plaintiff is further informed and believes and thereon alleges that Sgt.
19  SPINKS' corrupt Supervisors Use of Force report was approved by Norwalk Watch
20  Commander MUNOZ February 4, 2023, Captain JOHNSON on or about March 6th,
21  2023, and Commander Allen Castellanos on 3/28/23, each expressly ratifying
22  BENZA's known misconduct notwithstanding their knowledge and understanding
23  BENZA had clearly committed multiple acts that violated LASD Use of Force
24  policies, policies eschewing dishonesty, and the commission of crimes by
25  Department members. Each such defendant willfully turned a blind eye to the
26  damning video/audio and medical proof. Each supervisory defendant refused each
27  and every opportunity to take the proper course to direct an internal criminal or
28  administrative investigation to spare BENZA and the department the embarrassment

1    of yet another LASD member embroiled in criminal misconduct.

2

3        11.    On April 10, 2023, Defendant Captain JOHNSON forwarded a copy of
4    WCSCR 240180 to BROCK's counsel disclosing LASD Risk Management had
5    received BROCK's complaint on April 9th but that it was to be treated as non
6    criminal, limited to "Dishonesty" and "unreasonable force" omitting mention of the
7    criminal and illegal detention and arrest by Deputy BENZA.  In this same
8    correspondence, Defendant JOHNSON identified co-defendant Sgt. THOMAS
9    SPINKS as the assigned investigator, ignoring the obvious conflict of interest posed
10   by having SPINKS investigate himself.    In the course of SPINKS' SCR
11   investigation, SPINKS once again failed and refused to contact Plaintiff, ask for
12   Plaintiff's medical records and injury evidence or access to them, and failed and
13   refused to obtain statements from percipient witness Matthew Khohar, Fire Captain
14   Michael Reyes and Physician's Assistant Daniel Forney each of whom refuted
15   BENZA's false claims of being bitten.  As of the filing of this complaint, LASD
16   continues to violate Penal Code section 832.7 by refusing to provide BROCK with
17   the written department's disposition of the "Dishonesty" and/or "unreasonable force"
18   allegations as required by California law (SB 1421).

19

20       12.    Upon his release from custody, plaintiff received an April 14, 2023
21   arraignment date in Downey Superior Court to answer BENZA'S false accusations
22   of crimes allegedly committed against BENZA. Plaintiff engaged criminal defense
23   counsel to combat the malicious and false accusations and learned on that date, the
24   Los Angeles District Attorney had filed Case No. 3DN01285, asserting only
25   misdemeanor battery on a peace officer charge in violation of Penal Code section
26   243(b) and Penal Code §148(resisting arrest). Brock's $100,000 bail was exonerated
27   at that same time but plaintiff got none of his money back.

28

13.    Plaintiff expediently litigated against these charges, including discovery requests enabling him to identify and bring to trial the female motorist who he stood up for and inflamed BENZA. Ultimately, on August 10, 2023, the District Attorney acknowledged it had been mislead by BENZA's false reporting and dismissed the charges with prejudice. On March 14, 2024, the Superior Court found Plaintiff to be factually innocent of all of Benza's contrived criminal accusations and granted Plaintiff's Petition for Declaration of Factual Innocence. Plaintiff is informed and believes and thereon alleges the US Department of Justice and US Attorney, Central District of California is about to indict BENZA for the federal crimes he committed against Plaintiff. Plaintiff further alleges that Deputy BENZA remains to this day assigned to his position without accountability from LASD for any of his wrongdoing.

## FIRST CAUSE OF ACTION

**(VIOLATION OF CONSTITUTIONAL RIGHTS - UNREASONABLE SEARCHES & SEIZURES, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, DUE PROCESS DEPRIVATIONS, AND CONSPIRACY - 42 U.S.C. § 1983)**

### (By Plaintiff Against All Individual Defendants)

14.    Plaintiff refer to and re-pleads each and every allegation contained in paragraphs 1 through 13 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

15.    This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First,

1   Fourth, and Fourteenth Amendments of the United States Constitution.

2

3        16.    Commencing at or about the aforementioned date and place,
4   without lawful cause or justification, and while acting under color of law,
5   Defendants DEPUTY BENZA, DOES 1-3, and each of them, intentionally and
6   maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and
7   Fourteenth Amendments to the United States Constitution in that Defendant BENZA
8   intentionally and unlawfully pursued and assaulted Plaintiff without lawful
9   justification or permissible cause, violently seized Plaintiff and repeatedly and
10  angrily bludgeoned him in retaliation for Plaintiff's exercise of his 1st Amendment
11  rights to criticize Defendant BENZA's mistreatment of another person; arrested
12  Plaintiff without probable cause for any criminal offense, fabricated probable cause
13  to support BENZA's misconduct and together with Defendants FLETCHER,
14  SPINKS, MUNOZ, JOHNSON and CASTELLANO and each of them, joined
15  together in a meeting of minds to cover up BENZA'S unlawful and unconstitutional
16  searches and seizures, unreasonable force, groundless criminal accusations, and
17  violations of California penal law by willfully engaging in a cover up conspiracy to
18  violate these rights, all in the attempt to deceive the Los Angeles District Attorney
19  into prosecuting and convicting Plaintiff of crimes they knew Plaintiff had not
20  committed and which defendants knew he had not committed. Further, Doe
21  defendants 1-5, jail and booking employees, purposefully and intentionally
22  discriminated against plaintiff and oppressively deprived him equal protection of the
23  laws and of rights secured by the 1st, 4th and 14th Amendments to the federal
24  constitution by reason of is transsexual status.

25

26       17.    Defendants, and each of them, carried out and perpetrated the mutually
27  supportive conspiracy to deprive Plaintiff of his constitutional rights by participating
28  in a corrupt effort to illegally detain, seize, search, book, and fraudulently convict

plaintiff on false criminal charges manufactured, supported and promoted by defendants. And while each defendant had the ability to intervene in the known deprivation of Plaintiff's constitutional right, none took reasonable steps to prevent Plaintiff's prosecution or possible conviction.

18. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous systems, fear, anxiety, torment, degradation and severe emotional distress.

19. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred legal, medical and therapeutic expenses in an amount as proved.

20. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was prevented from attending to his usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

21. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

22. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiffs constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an

1  amount as proved.

## SECOND CAUSE OF ACTION
## (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
### (By Plaintiffs Against Defendant County)

23.  Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 22 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

24.  Defendant COUNTY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY, by and through the Los Angeles County Sheriffs Department (LASD) possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Sheriffs Department and its tactics, methods, practices, customs and usages related to criminal investigations, internal investigations, personnel supervision and records maintenance.

25.  At all times herein mentioned, Defendants, and each of them, were employees acting under the COUNTY's and LASD's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers, including Deputy BENZA,  who have demonstrated their corruption, violence, frauds, dishonesty, bigotry, and  numerous other serious abuses of their

14

1    powers as peace officers in the employment of the COUNTY and LASD.

2

3        26.    Defendant COUNTY and LASD knowingly maintains and permits
4    official *sub-rosa* policies or customs of permitting the occurrence of the kinds of
5    wrongs set forth above, by deliberate indifference to widespread police abuses,
6    failing and refusing to impartially investigate, discipline or prosecute peace officers
7    who commit acts of criminal dishonesty and crimes of violence, each ratified and
8    approved by COUNTY and LASD.

9

10        27.    The unconstitutional policies, practices or customs promulgated,
11    sanctioned or tolerated by defendant COUNTY and LASD include, but are not
12    limited to:

13          (1)    Defendant COUNTY had knowledge, prior to and since
14      this incident, of repeated allegations of abuse and dishonesty
15      misconduct toward detainees and arrestees; Specifically, COUNTY and
16      LASD knew Defendants BENZA, FLETCHER, SPINKS, MUNOZ,
17      JOHNSON, CASTELLANO and DOES 1-10, had in the past
18      committed acts of police abuse, discrimination, corruption, fraud and
19      dishonesty;

20          (2)    Defendant County and LASD had knowledge, prior to and
21      since this incident, of similar allegations of abuse and dishonesty by
22      Defendants, and refused to enforce established administrative
23      procedures to insure the safety of detainees and arrestees;

24          (3)    Defendant COUNTY and LASD adamantly refused to
25      adequately, or at all, discipline individual officers and employees
26      known to have committed similar acts of abuse and misconduct;

27          (4)    Defendant COUNTY & LASD refused to competently and
28      impartially investigate allegations of abuse and misconduct alleged to

have been committed by its peace officers;

(5)    Defendant COUNTY and LASD reprimanded, threatened, intimidated, demoted and fired officers who broke from the code of silence and courageously reported acts of abuse and dishonesty by other department members;

(6)    Defendant COUNTY and LASD covered up acts of misconduct, dishonesty and abuse by Los Angeles Sheriff Department members  and openly sanctioned a code of silence by and among officers;

(7)    Defendant COUNTY and LASD  rewarded officers who displayed aggressive and abusive behavior;

(8)    Defendant COUNTY and LASD failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force and regulations related to illegal, immoral and criminal misconduct;

(9)    Defendant COUNTY and LASD failed to adequately supervise the actions of officers under their control and guidance;

(10)   Defendant COUNTY and LASD condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the COUNTY, LASD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(11)   Defendant COUNTY and LASD condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12)   Defendant COUNTY and LASD engaged in the practice

16

and custom of withholding from criminal defendants, judges and prosecutors, exculpatory *Brady* evidence unfavorable to its officers in violation of law and the Constitution.

(13) Defendant COUNTY and LASD historically fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by February 10, 2023 and thereafter, represented the unconstitutional policies, practices and customs of the COUNTY.

28. By reason of the aforesaid policies, customs, practices and usages, plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution were violated.

## THIRD CAUSE OF ACTION
## (FAILURE TO TRAIN AND SUPERVISE)
### (By Plaintiff Against Defendants FLETCHER, MUNOZ, SPINKS, JOHNSON, CASTELLANO, DOES 7-10 in their individual capacities)

29. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 28 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

30. Defendants FLETCHER, MUNOZ, SPINKS, JOHNSON, CASTELLANO, DOES 1-10 are sued in their individual capacities. Said defendants knew or reasonably should have known of their subordinates ongoing and repeated constitutional violations set forth above in the administration of the Field Services Division, Norwalk Station patrol deputies, including defendant BENZA. Specifically, defendants knew or should have known of repeated failures to properly investigate and discipline or prosecute deputies engaged in dishonest, immoral and

1    criminal behavior which violated the constitutional rights of members of the public,
2    including Plaintiff herein. Said failures to act to prevent constitutional misconduct
3    by subordinates acquiesed, condoned and ratified the customs, practices and usages
4    by subordinates.

6        31.     Said Defendants, and each of them, are sued for their own culpable
7    actions and omissions in the training, supervision and control of subordinates
8    including watch commanders and first level supervision at Norwalk and other
9    stations which actions demonstrated a reckless and callous indifference to the rights
10    of persons such as plaintiff. Said defendants' actions, inactions and deliberate
11    indifference set into motion the ultimate harm caused to plaintiff.

13        32.     Plaintiff is informed and believes and thereon alleges that prior to the
14    incident complained of herein, since at least 1992 LASD and others charged with the
15    administration of the Field Services Division knew or reasonably should have
16    known that employees of the Los Angeles County Sheriffs Department committed
17    similar acts of abuses, unjustified violence, dereliction of duty, fraud, discrimination,
18    dishonesty and deliberate indifference to employee dishonesty and other serious
19    forms of misconduct.

21        33.     Plaintiff is informed and believes and thereon alleges that prior to the
22    incident complained of herein in February 10, 2023, and dating back to as early as
23    1992, FLETCHER, MUNOZ, SPINKS, JOHNSON, CASTELLANO, DOES 7-10
24    and others charged with the administration of the Field Services Divisions and
25    Bureaus failed to take corrective action to prevent the future deputy wrongdoing and
26    dishonest misconduct which are the proximate cause of Plaintiff's damages.

28        34.     As the result of the supervisory, management and executive Defendants

DOES 7-10's actions and omissions, amounted to the institutional repudiation of constitutional protections which became the moving force behind the damages done to Plaintiffs.

## FOURTH CAUSE OF ACTION
## ASSAULT AND BATTERY
## (By Plaintiff Against Defendants COUNTY, BENZA)

35.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 34 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

36.    On or about July 25, 2023 Plaintiff timely filed a Claim with Defendant COUNTY pursuant to California Government Code §910 assigned File Number 23-4418879*001. Said claim was rejected without investigation February 2, 2023.

37.    At the aforementioned date, time and place, to wit February 10, 2023, Defendant BENZA, violently assaulted and repeatedly battered Plaintiff.

38.    By reason of the acts aforesaid, Plaintiff was placed in great fear for his personal safety and physical and emotional well being.

39.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant COUNTY).

19

1
2
3
4

## FIFTH CAUSE OF ACTION
### (FALSE IMPRISONMENT/ARREST)
### (By Plaintiff Against Defendants COUNTY, BENZA, FLETCHER, MUNOZ, SPINKS & DOES 1-3)

5   40. Plaintiff refers to and repleads each and every allegation contained in
6   paragraphs 1 through 39 of this complaint, and by this reference incorporates the
7   same herein and makes each a part hereof.

8   41.   On or about February 10, 2023 at Los Angeles County California,
9   Plaintiff was caused to be unlawfully seized and arrested by Defendants BENZA,
10  MUNOZ, FLETCHER, and each of them, maliciously and without warrant or order
11  of commitment or any other legal authority of any kind as plaintiff had not
12  committed any crime or public offense but rather Plaintiff had been the victim of a
13  violent, malicious criminal assault and battery by defendant BENZA, and refused to
14  be given back his freedom by defendants FLETCHER, MUNOZ, SPINKS, and
15  DOES 1-3.

16  42.   As a proximate result of the acts of defendants, and all of them, Plaintiff
17  has suffered damages, loss and harm.

18  43.   As a direct and proximate result of the foregoing, Plaintiff has been
19  damaged as recited above and demands and is entitled to the damages recited in the
20  First Cause of Action, including, but not limited to, general and punitive damages
21  (except as to Defendant COUNTY).

22
23
24

## SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiff Against All Defendants)

25  44.   Plaintiff refers to and repleads each and every allegation contained in
26  paragraphs 1 through 43 of this complaint, and by this reference incorporates the
27  same herein and makes each a part hereof.

28

45.    On or about February 10, 2023  and thereafter, Plaintiff was entitled to the duty of due care by Defendants, and each of them,  including but not limited to, the care, service and protection by Defendants.

46.    On or about said date, and thereafter, Defendant BENZA unlawfully, intentionally and maliciously assaulted Plaintiff battered, kidnaped, jailed and booked and prosecuted notwithstanding Defendant FLETCHER's, MUNOZ's, SPINKS, JOHNSON and CASTELLANO's knowledge and awareness Plaintiff had been subjected to felonious assaults, kidnaping, false accusations of crime by Defendant BENZA and nevertheless, forced to Plaintiff expose his genitalia while held in custody at Norwalk station and  conspired among themselves to shield themselves and BENZA's felonious misconduct and further shield LASD and the COUNTY from defendants wrongful misconduct thereby intentionally and oppressively causing plaintiff extreme emotional and mental distress or in reckless disregard of the natural consequences of their behavior directed at the plaintiff..

47.    In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences, causing Plaintiff to suffer emotional suffering and mental distress, the indignity of an arrest, booking, fear, public humiliation, anxiety, and mental anguish.

48.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages (except as to Defendant COUNTY).

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT
### (By Plaintiff Against All Defendants)

49.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the

1 | same herein and makes each a part hereof.

2 |     50.    On or about the above stated dates, and sometime prior thereto,
3 | Defendants and each of them violated Plaintiff's civil rights, guaranteed by the
4 | United States Constitution, federal law, the California Constitution and the laws of
5 | the State of California by threats, intimidation and/or coersion thereby violating
6 | California Civil Code Section 52.1(a)(b).

7 |     51.    As a proximate result of the aforementioned acts of Defendants, and
8 | each of them, Plaintiff suffered damage in a sum according to proof, and is entitled
9 | to the damages, statutory damages, treble damages, attorney's fees and costs provided
10 | for by Civil Code sections 51.7, 52 and 52.1.

## EIGHTH CAUSE OF ACTION

## NEGLIGENCE

### (Against all defendants)

14 |     52.    Plaintiff refers to and repleads each and every allegation contained in
15 | paragraphs 1 through 51 of this complaint, and by this reference incorporates the
16 | same herein and makes each a part hereof.

17 |     53.    On or about the above stated dates and incidents, and prior thereto,
18 | Defendants and each of them owed plaintiff a duty of due care not to cause
19 | Plaintiff foreseeable harms, injuries and suffering.

20 |     54.    Beginning on February 10, 2023, Defendants, and each of them, in
21 | their own ways, breached the duty of due care owed to plaintiff in that
22 | defendants negligently subjected plaintiff to mental and physical injury though
23 | defendants and each of them knew, or in the exercise of reasonable care should
24 | have known, would cause plaintiff damages, harm and suffering.

25 |     55.    By breaching their duties owed to Plaintiff, defendants proximately
26 | caused Plaintiff harms, damages, suffering and losses.

27 |     56.    In doing the aforementioned acts or omissions, defendants' conduct
28 | was negligent, and caused plaintiff to suffer pain, mental distress, fear, anxiety,

1  and extreme mental anguish.

2      57.    As a direct and proximate result of the foregoing, plaintiff is entitled

3  to and demands damages against defendants jointly and severally, as recited in the

4  Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, including, but not

5  limited to general damages in accordance with proof.

6                                    **PRAYER**

7      WHEREFORE, Plaintiff  prays judgment against Defendants and

8  each of them, as follows:

9          AS TO EACH CAUSE OF ACTION AS APPLICABLE

10     1.    For General damages according to proof;

11     2.    For Special damages according to proof;

12     3.    For Punitive damages as provided by law, in an amount to be proved

13          against each individual Defendant;

14     4.    For attorney's fees pursuant to 42 U.S.C § 1988  and California Civil

15  Code §§52, and 52.1;

16     5.    For Costs of suit;

17     6.    For such other and further relief as the Court may deem proper.

18  DATED:       March 14, 2024            **THE BECK LAW FIRM**

19

20

21                                 By_____
                                       Thomas E. Beck
22                                     Attorneys for Plaintiff

23                          **PLAINTIFFS' JURY DEMAND**

24     Plaintiff  hereby demands trial by jury.

25

26  DATED:       March 14, 2024            **THE BECK LAW FIRM**

27

28                                 By_____
                                       Thomas E. Beck
                                       Attorneys for Plaintiff