Thomas E. Beck, Esq. (SBN 81557)
THE BECK LAW FIRM
P.O. BOX 101
Los Alamitos, California 90720
Telephone No. (562) 795-5835
Email: thebecklawfirm@gmail.com

Attorneys for Plaintiff Emmett Brock

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT BROCK, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, et. al. <br><br> Defendants. | Case No. 8:24-cv-00565-JWH-DFM <br><br> **NOTICE OF MOTION AND MOTION FOR DISCOVERY ORDERS; SUPPLEMENTAL DECLARATION OF THOMAS E. BECK; RULE 37-2.2 STIPULATION.** <br><br> Date: Tuesday March 11, 2025 <br> Time: 10:00AM <br> Ctrm: 6B Santa Ana <br><br> Trial Date: N/A |

[DISCOVERY MATTER FOR RULING BY MAGISTRATE DOUGLAS F. McCORMICK]

TO: DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Tuesday March 10, 2025 at 10:00AM in Courtroom 6B of the United States Courthouse located at 411 W. Fourth St., Santa Ana, CA 92701, Plaintiff moves for an order overruling defendants objections and complying with Plaintif's Inspection demands and Interrogatories as set forth in the appended CDLR Rule 37-2.2 Joint Stipulation and the Declaration of Non

1

Cooperation by Plaintiff's counsel, Thomas E. Beck.

In addition, Plaintiff seeks an award of monetary sanctions in accordance with FRCP 37(a) and Local Rule 37-4 by reason of defense counsel's boilerplate refusal to comply with their discovery obligations.

Said motion is based on this Notice, the records, papers and files in this case, and the Discovery Stipulation served and filed herewith, as well as such oral and documentary evidence as may be produced at the hearing on the Motion.

DATED: February 7, 2025

Respectfully submitted,

**THE BECK LAW FIRM**

By: /s/Thomas E. Beck
Thomas e. Beck
Attorneys for Plaintiff
Emmett Brock

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a §1983 suit arising from a vicious beating 2/10/23 by LASD deputy Joseph Benza inflicted upon the Plaintiff, a 22 year old trans high school English teacher and graduate student in front of a 7-11 shop in Whittier. The attack was in retaliation for having been "flipped off" moments earlier by the plaintiff as he left school and came upon Benza abusing a woman motorist in a traffic stop. Benza promptly abandoned the traffic stop and tailgated Plaintiff into the 7-11 shop's parking lot without lights or siren. As he left the traffic stop, using his personal cell phone, Benza informed a fellow, yet unidentified deputy, that he'd been flipped off and was going to stop and punish the plaintiff. Arriving in front of the 7-11, Benza attacked Brock, slammed him to the ground and repeatedly punched him about the head and face causing injuries to Plaintiff and himself. At that point, a cover up commenced between and among Benza's supervisors and at least 2 other deputies to give the appearance of a lawful stop, deny being flipped off and falsely claiming to have been bitten on the hands as justification for the beating which had been video recorded by the 7-11 security cameras.

On account of Benza's false accusations of felony crimes allegedly committed against himself, (mayhem, assaulting a peace officer, resisting arrest) and the approval of his sergeants, Plaintiff was prosecuted for allegedly battering Deputy Benza in violation of CA Penal Code §243(b) and resisting arrest in violation of CA Penal Code § 148(a)(1). Brock prevailed against the groundless and fraudulent criminal prosecution. The Downey Superior Court, with the concurrence of the Los Angeles District Attorney-who conceded his office had been duped into filing the case by false reports-declared Mr. Brock factually innocent on March 14, 2024.

On December 17, 2024 the United States Attorney for the Central District of California issued a press release advising Deputy Benza had been charged and would

be pleading guilty January 17th to violating Plaintiff Brock's civil rights before USDC Judge Michelle Williams Court. That took place. Sentencing is scheduled for the end of July, 2025. There remain 3 sergeants identified by Benza's Plea Agreement only as "Sgt. 1 "who was defendant BENZA's direct supervisor", Sgts. 2 and 3 "assigned to work at LASD's Norwalk Station" and 3 deputies "A, B, C, assigned to work at LASD's Norwalk Station" who are also being prosecuted for conspiring with Benza to cover up his wrongful behavior. None of this was known at the time defense counsel was under the obligation to supply defense contentions in the Rule 37-2.2 stipulation.

      Plaintiff propounded inspection demands and interrogatories to the County, Sgt. Spinks and Deputy Benza starting in June, 2024. Unverified answers, along with objections and some compliance were timely provided. In compliance with CDLR 37, Plaintiff sent his first invitation to meet and confer over these defects September 16, 2024. Some headway was made and further answers trickled in but left some important items outstanding. A second meet and confer invitation went out November 5, 2024 which was responded to on time (11/11/24) and some issues were resolved but others remain outstanding. The particulars are set forth in the appended "Joint" Rule 37-2.2 Stipulation. "Joint" is a misnomer. The defense has not provided their contentions which were due 2 months ago, apparently triggered by Benza's conviction. The unresolved issues are reduced to Plaintiff's portion of the joint stipulation and presented to defense counsel for response in accordance with the Local Rule December 12th. Requests for additional time to insert defense contentions was requested and granted. As the court will note, the stip and counsel's declaration reflects the details only through December 12th, before it became known Benza was pleading guilty. It appears the plea agreement threw a monkey wrench into discovery compliance. But that plea does not apply to any of the other known co-defendants nor to any of the other claims being made in the lawsuit. This is why plaintiff insisted on discovery compliance, including completion of the defense portion of the Rule 37-

2.2 stip. The defense has not to date provided its contentions in support of it's objections and they remain at issue. A deposition of witness Sgt. Godin Gonzales scheduled for December 30th went off calendar at defense request. A deposition scheduled for Monday February 10, 2024 of defendant LASD Commander Castellanos was also cancelled by the defense. All but one of the named individual defendants have not yet been deposed, but not for want of trying.

Accordingly, plaintiff presents the Rule 37-2.2 stip he prepared without insertions to any contentions by the defense through no fault of his own. The months of December and January have been lost to Plaintiff's discovery despite Plaintiff's efforts to diligently complete what discovery he needs and has been asking for.

DATED: February 7, 2025

Respectfully submitted,

THE BECK LAW FIRM

By: /s/Thomas E. Beck
Thomas E. Beck
Attorneys for Plaintiff

# SUPPLEMENTAL DECLARATION OF THOMAS E. BECK

I, Thomas E. Beck, declare as follows:

1. I am an attorney admitted to practice in the State of California and in this District. If called as a witness in this matter, I would be competent to testify and would testify to the facts stated below based on my personal knowledge.

2. I am submitting this supplemental declaration because my declaration in support of the Joint Stipulation appended hereto executed December 12th 2024 became outdated on December 18th by reason of a press release by the US Attorney for the Central District informing us all that Benza had agreed to plead guilty to violating Plaintiff Brock's civil rights on January 17, 2025.

3. The chronology of events pertinent to this motion warrants elaboration so as to clear up the confusion that the motion may present. In the preparation of my December 12th declaration submitted to the defense along with Plaintiff's portion of the CDLR Rule 37-2.2 stipulation re discovery disputes, I made arguments against Deputy Benza's invocation of a 5th Amendment privilege to the interrogatories put to him individually. I was waiting for defense counsel's completion of the joint stip to make it ready for filing jointly when, unbeknowst to me, Deputy Benza agreed to plead guilty to a felony violation of 18 USC §242 for feloniously assaulting the plaintiff in an illegal traffic stop. That mooted most of my arguments against Benza's 5th Amendment objections. I contacted defense counsel Mr. Joe Miller who appeared to be surprised by the news as well. Discussion took place about how Benza's plea no longer permitted him to invoke 5th Amendment protection to the interrogatories I'd set out in the stip that required Defense counsel's input and opposing contentions. Mr. Miller agreed and also informed me that the discovery I sought from the

County/LASD for Benza's PPI (Personal Performance Index) record also known these days a the PRMS and Benza's background investigation, including his Personal History Statement (PHS) and further answers would be forthcoming. While we agreed to some additional time to provide me further responses to avoid this motion, since mid December, I have received zero additional documents or further interrogatory answers from the defense. I remain in need of those as they are the evidence I plan to adduce at trial to support Brock's 1983 failure to supervise and supplemental negligent hiring, supervision and failure to discipline claims.

4. Rather than recreate the original stip and declaration to reflect events since Benza's surprise guilty plea and restart the back and forth cycle of pleading exchanges under Rule 37 which will further delay this motion, I am appending the original pleadings-stip and supporting declaration-as it was since the beginning of December and bringing the new and highly relevant details to the court's attention vis a vis this declaration.

I declare the above to be true under the penalty of perjury and state that this declaration was executed this 7th day of February 2025 at Los Alamitos, California.

/s/Thomas E. Beck
Thomas E. Beck

# PROOF OF SERVICE

## BROCK v. COUNTY OF LOS ANGELES, et al.

STATE OF CALIFORNIA

COUNTY OF ORANGE

    I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is P.O. BOX 101, Los Alamitos, California 90720.

    On February 8, 2025, I served the foregoing **NOTICE OF MOTION AND MOTION FOR DISCOVERY; SUPPLEMENTAL DECLARATION OF THOMAS E. BECK.,** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Joseph Miller, Esq.
HURRELL CANTRALL LLP
725 S. Figueroa St. Suite 3800
Los Angeles CA 90017
jmiller@hurrellcantrall.com

\_\_  BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

_xx_  BY ELECTRONIC SERVICE AS TO DEFENSE COUNSEL: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by the Courts ECF filing system.

_xx_  (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 8, 2025 Los Alamitos, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Tom Beck